IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., | )<br>)<br>) |
| and FLFMC, LLC., | ) Civil Action No. 10-00231-RCM<br>) |
| Plaintiffs, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | )<br>) |
| EBSCO INDUSTRIES, INC. and<br>PLASTICS RESEARCH AND<br>DEVELOPMENT CORP., | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

54679_1.DOC

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................ iii

I.  FACTUAL BACKGROUND .............................................................. 1

    A.  The Defendants ........................................................................ 1

    B.  The Nature of Defendant's Business ................................... 2

    C.  The Relator/Plaintiff .............................................................. 3

II.  THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER THE DEFENDANTS. .......................................... 5

    A.  The Legal Principles ............................................................... 5

    B.  The Application to the Facts .................................................. 7

        1.  General Jurisdiction is not Proper ............................ 7

        2.  Specific Jurisdiction is not Proper ........................... 8

III.  THE ACTION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS. .......................................................................... 10

IV.  ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS. ....................................................................... 12

    A.  Plaintiff's Choice of forum is not controlling ................... 14

    B.  The Private Factors Other Than Plaintiff's Choice of Forum Clearly Favor Transfer. .......................................................... 15

    C.  All of the trial considerations disfavor Pennsylvania ........................ 17

    D.  The public interest considerations do not support Pennsylvania ....... 17

    E.  Arkansas is the Proper forum for This Action ................... 19

# TABLE OF AUTHORITIES

**Statutes**

25 U.S.C. §201 ................................................................ 10

28 U.S.C. § 1391. .............................................................. 18

28 U.S.C. § 1404(a).......................................................... 13

31 U.S.C. §3730(b), the False Claims Act ("FCA")................ 10

35 U.S.C. § 292 ................................................................. 4

42 Pa. Cons. Stat. Ann. §5322(b)......................................... 5

42 Pa.C.S.A. § 5323(a)(3)................................................. 11

Federal Rule of Civil Procedure 4(e) .................................... 5

Federal Rule of Civil Procedure 4(h).................................. 10

Pa.R.C.P. 424 ................................................................. 12

**Other Authorities**

J. Randy Beck, The False Claims Act and the English Eradication of
    Qui Tam Legislation, 78 N.C. L. Rev. 539, 566 (2000)...................... 10

**Rules**

Federal Rule of Civil Procedure 4(e)(1) ............................... 11

Pa.R.C.P. 403 ............................................................. 11, 12

**Treatises**

17 MOORE'S FEDERAL PRACTICE, § 111.13[1][f]
    (Matthew Bender 3d ed.)........................................... 14, 15

5A Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure §1353 (2d ed. 1990) ............................................. 11

**8**

Burger King Corp. v. Rudzewicz,
    471 U.S. 462, 472 (1985) .................................................................... 7, 8, 9

Calder v. Jones,
    465 U.S. 783, 790 (1984) ....................................................................... 7, 8

Gulf Oil Corp. v. Gilbert,
    330 U.S. 501, 508 (1947). ......................................................................... 13

Hanson v. DeKla,
    357 U.S. 235, 253 (1958) ............................................................................. 8

Helicopteros Nacionales de Colombia v. Hall,
    466 U.S. 408, 416 (1984) ....................................................................... 6, 8

Int'l Shoe Co. v. Washington,
    326 U.S. 310, 316 (1945) ............................................................................. 9

Sinochem International Co., Ltd. v. Malaysia International Shipping Corporation,
    549 U.S. 422 (2007).................................................................................... 1

Stewart Organization, Inc. v. Ricoh Corp.,
    487 U.S. 22, 29 (1988) ............................................................................. 14

World-Wide Volkswagen Corp. v. Woodson,
    444 U.S. 286, 297 (1980) ..................................................................... 7, 18

**9**

Akro Corp. v. Luker,
    45 F.3d 1541, 1543 [33 USPQ2d 1505] (Fed. Cir. 1995 ...................................... 6

Arcadia Machine & Tool, Inc. v. Sturm, Ruger & Co., Inc.,
    786 F.2d 1124 (CAFC 1986)...................................................................... 16

Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1328 [ 89 USPQ2d
    1481] (Fed. Cir. 2008) ............................................................................... 5

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 [30 USPQ2d
   1505] (Fed. Cir. 1995) ....................................................................................... 6

*BP Chem. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 [56 USPQ2d
   1321] (3d. Cir. 2000) ....................................................................................... 6

*Carimi v. Royal Carribean Cruise Line, Inc.*,
   959 F.2d 1344, 1346 (5th Cir. 1992) ...................................................................... 11

*Del Raine v. Carlson*,
   826 F.2d 698, 704 (7th Cir. 1987) .......................................................................... 11

*Genetic Implant Sys., Inc. v. Core-Vent Corp.*,
   123 F.3d 1455, 1457 [43 USPQ2d 1786] (Fed. Cir. 1997) ........................................ 5

*IMO Indus. v. Kiekert AG*,
   155 F.3d 254, 259 (3d Cir. 1998) ............................................................................ 8

*In re Genentech, Inc.*,
   566 F.3d 1338, 1342 [91 USPQ2d 1027] (Fed. Cir. 2009) ......... 13, 14, 15, 16, 18

*In re Hoffman-LaRouche*,
   587 F.3d 1333 [92USPQ2d 1861] ........................................................... 14, 16, 18

*In re TS Tech USA*,
   551 F.3d 1315 [89 USPQ2d 1567] ........................................................................ 14

*Jumara v. State Farm Insurance Company*,
   55 F.3d 873, 879 (3d Cir. 1995) ............................................................................ 14

*Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros., Inc.*,
   983 F.2d 551, 554 (3d Cir. 1993) ............................................................................ 5

*Miller Yacht Sales, Inc. v. Smith*
   384 F.3d 93, 96 [72 USPQ2d 1649] (3d. Cir. 2004) ........................................... 8, 9

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22, 25 (3d Cir. 1970) *cert. denied,* 401 U.S. 910 (1971) ..................... 14

**10**

*Anzulewicz v. Nat'l Fuel Gas Supply Corp.*,
   208 F.R.D. 47, 49 (W.D.N.Y. 2002) ...................................................................... 11

*L.C. Baron, Inc. v. H.G. Caspari, Inc.,*
678 F. Supp. 100, 103 (E.D. Pa. 1987)................................................. 17

*Mantis v. Cult Awareness Network,*
No. 92-2240, 1993 WL 62176, at *1 (D.D.C. Feb. 26, 1993) ............................ 11

*Mopex, Inc. v. American Stock Exchange, L.L.C.,*
No. 02-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) ........................ 11

*National Mortg. Network, Inc. v. Home Equity Centers, Inc ,*
683 F.Supp. 116, 119 (E.D. Pa. 1988)................................................. 14

Neil Bros. Ltd. v. World Wide Lines, Inc.,
425 F.Supp.2d 325, 330 (E.D.N.Y. 2006)............................................. 16

*Pequignot v. Solo Cup Co.*
91 USPQ2d 1493 (E.D. Va. 2009) ................................................... 10

*Zen Music, Inc. v. CVS Corp.,*
No. 98-4246, 1998 WL 912102, at *2 (S.D.N.Y. Dec. 30, 1998)...................... 11

**11**

*Kachur v. Yugo Am.,*
534 Pa. 316, 324-325, 632 A.2d 1297 (1993)
(*citing Asahi Metal Industry Co., Ltd. v. Superior Court of California,*
480 U.S 102, 112 (1987)) ........................................................... 7

*Neff v. Tribune Printing Co.,*
421 Pa. 122, 218 A.2d 756, 757 1966 ............................................... 11

*Sharp v. Valley Forge Med. Ctr. and Heart Hosp.,*
422 Pa. 124, 221 A.2d 185, 187 (1966)............................................... 12

*Weaver v. Martin,*
440 Pa.Super. 185, 655 A.2d 180, 193 (1995) ..................................... 12

**MEMORANDUM OF LAW  IN SUPPORT OF MOTIONS TO DISMISS OR TRANSFER**

Defendants, EBSCO Industries, Inc. ("EBSCO") and Plastics Research and Development

Corporation ("PRADCO"), have moved the Court to dismiss this case pursuant to Fed. R. Civ. P.

12(b)(2) or 12(b)(4).  Alternatively EBSCO and PRADCO have moved the Court to transfer

venue pursuant to 28 U. S. C. A. §1404(a).    In this context it should be noted that  the Court

may decide that either basis  is sufficient to decline jurisdiction over the case. Alternatively, "A

district court [] may dispose of an action by a *forum non conveniens* dismissal, bypassing

questions of subject-matter and personal jurisdiction, when considerations of convenience,

fairness, and judicial economy so warrant." *Sinochem International Co., Ltd. v. Malaysia*

*International Shipping Corporation*, 549 U.S. 422 (2007). Accordingly, should the Court

determine that portion of the Defendants' Motion seeking a change in venue is well taken, the

Court need not address the Rule 12 motions.

I.     **FACTUAL BACKGROUND**

   A.     **The Defendants**

   EBSCO Industries, Inc. ("EBSCO") is a Delaware Corporation having a principal place

of business in Birmingham, Alabama. As noted in the Declarations of David Walker and John

Woller, Jr., attached hereto as Exhibits A and B[1], EBSCO has no offices or operations  within the

Commonwealth of Pennsylvania. EBSCO is the parent of a wholly owned subsidiary, Plastic

Research and Development Corporation ("PRADCO").  PRADCO does business as PRADCO

Outdoor Brands with its headquarters at 715 Summit Drive SE Decatur, AL 35601 and

manufacturing facilities for its division, PRADCO Fishing, at 3601 Jenny Lind Road, Ft. Smith,

---

[1] And attached to EBSCO's and PRADCO's Motion to Dismiss as Exhibits A and B respectively.

AR 72901-7301.   Like EBSCO, however, PRADCO has no offices or operations in the Commonwealth of Pennsylvania.

## B.    The Nature of Defendant's Business

EBSCO is a closely held, non-publicly traded entity with numerous subsidiaries, each having a separate legal existence and corporate organization, including the following:  EBSCO Publishing, Inc.; Plastics Research and Development Corporation; Valley Joist, Inc.; Commonwealth Productions LLC; EBSCO Worldwide, Inc.; EBSCO Gulf Coast Development, Inc.; EBSCO International, Inc.; Grand View Media Group, Inc.; Green Mountain Rifle Barrel Company, Inc.; and Moss Rock Building Company, Inc.; among others.  These subsidiaries of EBSCO engage in more than 20 business endeavors including but not limited to: curriculum development and publishing for grades K-12; manufacture, sale, and distribution of fishing lures and related products; subscription provider for more than 298,000 journals, serving more than 60,000 libraries worldwide; publishing of journal article databases; steel joist and metal roof deck manufacturing; real estate development; magazine publishing; commercial printing; distribution of promotional products; sign manufacturing and sales; and specialty furniture.

EBSCO Industries, Inc., a conglomerate of more than 20 different business endeavors, provides each of its subsidiaries or divisions with various administrative services (finance, accounting, marketing, corporate oversight, etc.) coordinated from its headquarters operation. Each subsidiary/division operates autonomously and is managed under the authority of a vice president and general manager for said subsidiary/division.  The divisional vice president/general manager has the autonomy to operate and manage that particular subsidiary/division.  Plastic Research and Development Corporation ("PRADCO"), an EBSCO subsidiary, has its own autonomous management structure as well as its own Federal Employer Identification Number.

54679_1.DOC

PRADCO provides fishing lures including the Jitterbug lure to retailers throughout the United States and internationally. The records relating to the manufacture and sale of those lures are substantially within the custody of PRADCO's controller or are accessible to him in Ft. Smith, Arkansas.

Based upon publicly available accounts including various Internet sites, the Fred Arbogast Company, Inc. was founded in Akron, Ohio in about 1930 for the purpose of making and selling fishing lures. In about 1938, the Fred Arbogast Company, Inc. introduced the Jitterbug top-water lure which is the subject of this controversy. Based on Relator's allegations in its Complaint, the patents corresponding to the patent numbers allegedly marked on the Jitterbug lure were issued in the time period from July 9, 1940 to October 21, 1947, and expired in the period from December 17, 1957 to November 7, 1965.

In 1997, PRADCO acquired the assets of the Fred Arbogast Company, Inc. of Akron, Ohio and merged the Arbogast brand lures, including Arbogast's famous Jitterbug top-water lure into, the line of lures manufactured by PRADCO in Fort Smith, Arkansas.

## C.    The Relator/Plaintiff

According to a Certificate of Organization filed with the Pennsylvania Department of State Corporation Bureau, as shown in Exhibit C submitted herewith[2], Relator FLFMC, LLC was organized on January 29, 2010 by Joshua M. Farber, Esquire, who, upon information and belief, is an associate attorney at the law firm of Meyer, Unkovic & Scott LLP of Pittsburgh, Pennsylvania, attorneys for Relator in this action. The address given as the Relator's initial registered office in the Certificate of Organization is 600 Washington Road, Suite 200, Pittsburgh, Pennsylvania 15228. As noted in the Declaration of Robert J. Veal, attached as

---

[2] And attached to EBSCO's and PRADCO's Motion to Dismiss as Exhibit C.

54679_1.DOC

Exhibit D[3], an Internet search for the above address indicated that the business operated out of that address is the Law Office of Debra Parrish. No information is available from the public records in the Pennsylvania Department of State as to the names or identities of the members of Relator or as to the nature of the business of Relator.

An examination of the PACER system indicates that Relator has commenced three other actions in the Western District of Pennsylvania since its organization namely: 2:10-cv-00229-AJS filed on February 17, 2010 against ACE HARDWARE COMPANY, alleging False Marking in violation of 35 U.S.C. § 292; 2:10-cv-00230-LPL also filed on February 17, 2010 against the OHIO ART COMPANY, also alleging False Marking in violation of 35 U.S.C. § 292; and 2:10-00287, filed on March 2, 2010 against WHAM-O, INC., and NYLABONE PRODUCTS. All of these cases are unrelated to each other, involving different patents and different products that were allegedly falsely marked after expiration of the respective patents by the separate defendants named in each action. Relator failed to request injunctive relief from the alleged False Marking in any of the aforesaid actions or the instant action, rather asking the Court in each action to impose a fine pursuant to 35 U.S.C. § 292 and to award Relator its costs and attorneys' fees with interest. 35 U.S.C. 292 (b) provides, "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."[4]

---

[3] And attached to EBSCO's and PRADCO's Motion to Dismiss as Exhibit D.

[4] Although not binding on the court it is noteworthy to mention that Congress has taken note of the rash of false marking claims presented in the recent past has proposed in the managers amendment to the Patent Reform Act of 2010 to change section 292 as follows:

(k) FALSE MARKING.—

(1) IN GENERAL.—Subsection (b) of section 292 of title 35, United States Code, is amended to read as follows:

54679_1.DOC

Wherefore, it appears that the business of Relator is the maintenance for profit of *qui tam* actions for False Marking in violation of 35 U.S.C. § 292.

## II.   THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER THE DEFENDANTS.

### A.   The Legal Principles

Plaintiff has asserted in its complaint that this court has personal jurisdiction over PRADCO and EBSCO because: "EBSCO has sold its falsely marked products in Pennsylvania and in this District and/or in the stream of commerce with knowledge that they would be sold in Pennsylvania and in this District."

Under Federal Rule of Civil Procedure 4(e), a federal district court can assert personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. *See Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993). Pennsylvania's long-arm statute provides that a court may exercise *in personam* jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. §5322(b). Personal jurisdiction is a question of law that the Federal Circuit Court of Appeals will  review *de novo. Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 [ 89 USPQ2d 1481] (Fed. Cir. 2008) (citing *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1457 [43 USPQ2d 1786] (Fed. Cir. 1997)). "Moreover, we apply Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of the patent laws.'" *Id.* (quoting *Akro Corp. v. Luker*, 45

---

"(b) A person who has suffered a competitive injury  as a result of a violation of this section may file a civil  action in a district court of the United States for recovery  of damages adequate to compensate for the injury.".

F.3d 1541, 1543 [33 USPQ2d 1505] (Fed. Cir. 1995)); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 [30 USPQ2d 1505] (Fed. Cir. 1995)) ("Under [jurisdictional] circumstances such as these, we have held we owe no special deference to regional circuit law.").

Where a defendant asserts a personal-jurisdiction defense, the plaintiff bears the burden of establishing either general or specific personal jurisdiction. *See BP Chem. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 [56 USPQ2d 1321] (3d. Cir. 2000). To prove general personal jurisdiction, the plaintiff must demonstrate that "the defendant's contacts with the forum, whether or not related to the litigation, are 'continuous and systematic. *Id.* (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)). In *Helicopteros*, the Supreme Court rejected the plaintiff's assertion of personal jurisdiction in Texas where the defendant did not have a place of business in Texas and had never been licensed to do business in the state. 466 U.S. at 416. The Supreme Court reached this conclusion despite the fact that the defendant "sen[t] its chief executive officer to Houston for a contract-negotiation session; accept[ed] into its New York bank account checks drawn on a Houston bank; purchas[ed] helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sen[t] personnel to Bell's facilities in Fort Worth for training." *Id.* While it may be argued that "a nonresident corporation should expect ... amenability to suit in any forum that is significantly affected by the corporation's commercial activities," *Helicopteros* 466 U.S.at 423 (Brennan, J., dissenting), the Supreme Court has disagreed: "Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of forseeability is

---

(2) EFFECTIVE DATE.—The amendment made by this subsection shall apply to all cases,

not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Similarly, "[t]he mere fact that [defendants] can 'foresee' that the article will be circulated and have an effect in [the forum state] is not sufficient for an assertion of jurisdiction." *Calder v. Jones*, 465 U.S. 783, 790 (1984).  "Instead, 'the forseeability that is critical to due process analysis … is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Burger King* , 471 U.S. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  In Pennsylvania it has been repeatedly held, "[T]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. *Kachur v. Yugo Am.*, 534 Pa. 316, 324-325, 632 A.2d 1297 (1993) (*citing Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S 102, 112 (1987)).

## B.    The Application to the Facts

### 1.    General Jurisdiction is not Proper

As noted in the declarations of Mr. Walker and Mr. Woller, neither EBSCO nor PRADCO have offices or operations within the Commonwealth of Pennsylvania.  The declaration of James Sheffield, PRADCO's controller, submitted herewith as Exhibit E[5], acknowledges that PRADCO has sold lures to entities in Pennsylvania.  However, though the PRADCO Fishing products have been placed in the stream of commerce with knowledge that they would be sold in this District, PRADCO's sales activities do not rise to the level of "the forseeability that is critical to due process analysis".  That is to say, PRADCO's conduct and connection with this State are not such that PRADCO should reasonably anticipate being haled into court here to answer False Marking claims.  PRADCO thus contends that it has not

without exception, pending on or after the date of the enactment of this Act.

maintained systematic and continuous contacts with the Commonwealth of Pennsylvania of the nature that meets the standard set forth in *Helicopteros* or *Burger King.*

EBSCO itself does not manufacture, sell or mark fishing lures at all, other than through its autonomous subsidiary PRADCO. It is well settled that "[e]ach defendant's contacts with the forum State must be assessed individually," *Calder* 465 U.S. at 790, and "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State," *Hanson v. DeKla*, 357 U.S. 235, 253 (1958). Thus, EBSCO contends that whatever activities PRADCO may be found to have taken with respect to selling the lures in controversy, these activities are not attributable to EBSCO. As to its own activities, EBSCO's isolated filing of administrative documents in Pennsylvania constitute insufficient contacts to satisfy due process.

### 2.    Specific Jurisdiction is not Proper

To prove specific personal jurisdiction, the plaintiff must satisfy a two-part test. *See IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) . First, "the plaintiff must show that the defendant has constitutionally sufficient 'minimum contacts' with the forum." *Id.* (quoting *Burger King Corp. at*, 472.)   To this end, the plaintiff must show that the defendant has "purposefully directed his activities at residents of the forum and [that] the litigation results from alleged injuries that arise out of or relate to those activities." *Miller Yacht Sales, Inc. v. Smith* 384 F.3d 93, 96 [72 USPQ2d 1649] (3d. Cir. 2004)   (quoting *Burger King*, 471 U.S. at 472). Second, if the plaintiff establishes that the defendant has minimum contacts with the forum state, the Court may, in its discretion, assert *in personam* jurisdiction over the non-resident defendant if doing so is reasonable under the circumstances, i.e., if the assertion of jurisdiction "would

---

[5] And attached to EBSCO's and PRADCO's Motion to Dismiss as Exhibit E.

comport with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ) (internal citation omitted). As to this fairness inquiry, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Miller Yacht Sales* , 384 F.3d at 97 (quoting *Burger King*, 471 U.S. at 477). In addressing this fairness question, the Court may consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (quoting *Burger King* , 471 U.S. at 477).

Again, as noted in the declarations of Mr. Walker and Mr. Woller, neither EBSCO nor PRADCO have offices or operations within the Commonwealth of Pennsylvania. The PRADCO Fishing products have been sold in Pennsylvania. However, PRADCO's activities in this regard are no different than its activities with respect to its global marketing of lures, and in fact make up only a small percentage of its sales. PRADCO thus contends that it has not purposefully directed its activities to Pennsylvania, but rather has directed its activities toward a national market, which incidentally would include Pennsylvania.

Likewise, this litigation does not result from alleged injuries that arise out of or relate to any activities purposely directed toward Pennsylvania. Indeed the nature of this *qui tam* action does not require relator to have suffered any injury, nor does relator allege any injury. As the offense is alleged to be against the United States, the offense no more relates to goods distributed in Pennsylvania than any other jurisdiction; thus, this prong of the test offers no support for finding jurisdiction in Pennsylvania.

54679_1.DOC

As to the Court's discretion to whether the assertion of jurisdiction "would comport with 'traditional notions of fair play or substantial justice,'" the present scenario offers no sense of fair play and substantial justice. The lure alleged to be falsely marked is but one of dozens of models of fishing lures produced by PRADCO and sold on a national basis. It is apparent that the Relator has filed four actions in the Western District of Pennsylvania directed at a lawn edger in 10-cv-00229, the Etch-a-Sketch® toy in 10-cv-00230, the Frisbee® Flying Disc in 10-cv-00287, and a venerable fishing lure in the instant action, based on the potential volume of sales of these products and thus a potential windfall to themselves, rather than on any sense of social merit as might be found in 25 U.S.C. §201, which authorizes a cause of action and a share in the recovery against a person violating Indian protection laws; and the most well-known and widely-used *qui tam* statute, 31 U.S.C. §3730(b), the False Claims Act ("FCA"), which provides a private right of action and a share in the recovery for private persons who pursue actions alleging that the government has been subject to fraudulent claims. The court in *Pequignot v. Solo Cup Co.* 91 USPQ2d 1493 (E.D. Va. 2009) recited the history of the *qui tam* actions and the historical abuse noting, 'Some citizens, lured by the promise of a financial windfall, became "professional informers."' *Id.* at 575-78 quoting from J. Randy Beck, *The False Claims Act and the English Eradication of Qui Tam Legislation*, 78 N.C. L. Rev. 539, 566 (2000). In the present case, the court is dealing with a legitimate business that has had its practices drawn into question by such a professional informer. Hailing Defendants into court in Pennsylvania under such circumstances cannot comport with "traditional notions of fair play and substantial justice".

## III.  THE ACTION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS.

Federal Rule of Civil Procedure 4(h) governs service of process upon corporations and requires that a copy of the summons and of the complaint be delivered to "an officer, a managing

general agent, or to any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[6]." Fed. R. Civ. P. 4(h). [7] The plaintiff bears the burden of proving the validity of service if it is challenged. *See Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Zen Music, Inc. v. CVS Corp.*, No. 98-4246, 1998 WL 912102, at *2 (S.D.N.Y. Dec. 30, 1998); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §1353 (2d ed. 1990). Courts routinely dismiss complaints for insufficient service of process. *See, e.g., Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987) (dismissing case because proper service of process "is not some mindless technicality"); *Anzulewicz v. Nat'l Fuel Gas Supply Corp.*, 208 F.R.D. 47, 49 (W.D.N.Y. 2002) (dismissing case despite plaintiff's contention that the corporate defendant's counsel had been served); *Mopex, Inc. v. American Stock Exchange, L.L.C.*, No. 02-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) (dismissing case for ineffective service even though defendant was on notice of the pending claims); *Mantis v. Cult Awareness Network*, No. 92-2240, 1993 WL 62176, at *1 (D.D.C. Feb. 26, 1993) (dismissing case for insufficient service of process when plaintiff left process papers at the desk of a receptionist for the corporate defendant).

Under Pennsylvania's Long-Arm Statute, a plaintiff may serve a defendant outside of Pennsylvania by any form of mail addressed to the defendant and requiring a signed receipt. 42 Pa. Cons. Stat. Ann. § 5323(a)(3)  The defendant or his authorized agent must sign the return receipt. Pa.R.C.P. 403 and 404(2).  There is no presumption of validity of service of process, and service is invalid where, among other things, the return of service did not set forth the agency of the person served. *Neff v. Tribune Printing Co.*, 421 Pa. 122, 218 A.2d 756, 757 1966) .  The

---

[6] Federal Rule of Civil Procedure 4(e)(1) also permits service of process "pursuant to the law of

Offical Note to Pa.R.C.P. 403 states that the United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery. Attached hereto is Exhibit F[7], which is a cover letter from Plaintiff's attorney of record purporting to serve PRADCO by Certified mail. Because plaintiff *mailed* a copy of the complaint, the service-by-hand rules of Pa.R.C.P. 424 do not apply. Pa.R.C.P. 403 governs service by mail. Since that rule contains no provision allowing a person in charge of a defendant's office to sign for the defendant, such service is ineffective. *Weaver v. Martin*, 440 Pa.Super. 185, 655 A.2d 180, 193 (1995)(stating that service of process by mail is allowed only pursuant to the limited procedures under Pa.R.C.P. 403, and holding that service was improper where plaintiff's attempted service by mail did not follow any of those limited procedures). Plaintiff did not properly serve PRADCO or EBSCO because plaintiff did not serve process on PRADCO or EBSCO's authorized agents; thus, the court cannot exercise personal jurisdiction over these Defendants. *Sharp v. Valley Forge Med. Ctr. and Heart Hosp.*, 422 Pa. 124, 221 A.2d 185, 187 (1966) ("The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made. . . ."). Consequently, the court must dismiss the complaint for lack of personal jurisdiction.

## IV.  ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS.

If the Court determines it has personal jurisdiction over the Defendants, then the Court must determine whether the case could have been brought in the district to which the movant

---

the state in which the district court is located." Fed. R. Civ. P. 4(e)(1).

seeks a transfer, and whether the case should be transferred in view of the convenience of the parties and witnesses and the interest of justice pursuant to 28 U.S.C. § 1404(a).  Under section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. §1404(a).  A motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 [91 USPQ2d 1027] (Fed. Cir. 2009).

In deciding the propriety of transfer, this Court is to consider the following convenience factors:

(1)     Plaintiff's choice of forum;

(2)     Relative ease of access to sources of proof;

(3)     Availability of compulsory process for attendance of unwilling witnesses;

(4)     Cost of obtaining attendance of willing witnesses;

(5)     Possibility of viewing premises, if applicable;

(6)     All other practical problems that make trial of a case easy, expeditious and inexpensive; and

(7)     Public interest factors, including the relative congestion of court dockets, choice of law considerations and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).)

Section 1404(a) gives the court wide discretion to adjudicate motions to transfer based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart*

---

[7] And attached to EBSCO's and PRADCO's Motion to Dismiss as Exhibit F.

*Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) . In making that determination, this Court must examine "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice better served by transfer to a different forum." *Jumara v. State Farm Insurance Company*, 55 F.3d 873, 879 (3d Cir. 1995).

### A.    Plaintiff's Choice of forum is not controlling

A plaintiff's choice of forum is generally accorded considerable weight and thus "should not be lightly disturbed." *Shutte v. Armco Steel Corp.* , 431 F.2d 22, 25 (3d Cir. 1970) *cert. denied,* 401 U.S. 910 (1971)). However, section 1404(a) would be meaningless if a plaintiff's choice of forum were always controlling. *Bartolacci v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints* , 476 F.Supp. 381, 383 (E.D. Pa. 1979); *see also National Mortg. Network, Inc. v. Home Equity Centers, Inc.*, 683 F.Supp. 116, 119 (E.D. Pa. 1988) . In as much as plaintiff's choice of forum is not always controlling "when the majority of both parties' material witnesses are located in the district to which transfer is sought, transfer is likely to be granted despite the fact that the transfer may cause the plaintiff some inconvenience by having to litigate in a forum outside his or her home district."   17 MOORE'S FEDERAL PRACTICE, § 111.13[1][f] (Matthew Bender 3d ed.). The Federal Circuit, which would apply 3rd Circuit transfer rules to any appeal of this issue, has held that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer. *See, e.g., In re Hoffman-LaRouche*, 587 F.3d 1333 [92USPQ2d 1861]; *In re Genentech*, 566 F.3d 1338 [91 USPQ2d 1027]; *In re TS Tech USA*, 551 F.3d 1315 [89 USPQ2d 1567]].

As noted above, Plaintiff-Relator is a newly formed LLC, having no apparent business other than maintaining actions under the false marking statute in the name of the United States

and therefore Relator stands in the place of the United States. Clearly, such claims could be brought on behalf of the United States in any State, by any person. Thus, ascribing inordinate weight to Relator's choice of forum is not warranted.

**B.     The Private Factors Other Than Plaintiff's Choice of Forum Clearly Favor Transfer.**

In addressing the convenience of the witnesses and parties, the Federal Circuit recently noted: ('The convenience of the witnesses is probably the single most important factor in transfer analysis')." *In re Genentech, Inc.*, 566 F.3d 1338 [91 USPQ2d 1027] (Fed. Cir. 2009). "Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. *TS Tech*, 551 F.3d at 1320 (internal quotation marks omitted).

As noted above, looking to Moore's Federal Practice, "when the majority of both parties' material witnesses are located in the district to which transfer is sought, transfer is likely to be granted despite the fact that the transfer may cause the plaintiff some inconvenience by having to litigate in a forum outside his or her home district." 17 MOORE'S FEDERAL PRACTICE, § 111.13[1][f] (Matthew Bender 3d ed.). Since the majority of witnesses in the present case will either be located in those areas surrounding Fort Smith, Arkansas, transfer is appropriate in the interest of convenience to such witnesses. *See TS Tech*, 551 F.3d at 1320 (holding that the district court's refusal to considerably weigh this factor in favor of transfer was erroneous when the witnesses would need to travel approximately 900 more miles to attend trial in Texas than in Ohio). The Federal Circuit has repeatedly held that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue

chosen by the plaintiff, the trial court should grant a motion to transfer. *See, e.g., Hoffmann; Genentech; TS Tech.*

In the present case, the cost of attendance for willing witnesses clearly favors transfer Defendants. In *Genentech,* the Federal Circuit stated that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." 556 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F.Supp.2d 325, 330 (E.D.N.Y. 2006)). Similarly, where a patentee is accused of false marking, the bulk of the evidence will come from the patentee.

As provided in the Declaration of John Woller, Exhibit B hereto, PRADCO manufactures its fishing lures in Fort Smith, Arkansas. PRADCO acquired the assets of the Fred Arbogast Company in 1997, and subsequently moved all aspects of the manufacturing and packaging of the Arbogast lures, including the Jitterbug, to Fort Smith, Arkansas. As noted in the Declaration of Mr. Woller, substantially all of the manufacturing and marketing decisions regarding the Jitterbug lure since 1997 have been made in Fort Smith. Further, any decisions not made in Arkansas would have been made in Alabama. Any decisions made by the original Fred Arbogast Company prior to Defendants' purchase in 1997 are irrelevant inasmuch as markings prior to February 17, 2005 are "time barred by the applicable statute of limitations, 28 USC 2462, which imposes a 5-year limit on any action for the enforcement of 'any civil fine.'" *Arcadia Machine & Tool, Inc. v. Sturm, Ruger & Co., Inc.,* 786 F.2d 1124 (CAFC 1986). Any documentation and any testimony from any witnesses would therefore come from these jurisdictions, rather than Pennsylvania.

Issues that the parties expect will be raised in the present action concern whether the PRADCO products have been marked with the expired patent numbers and, if so, whether PRADCO marked its products with the intent to deceive as required by 35 U.S.C. § 292. Since the decisions relating to manufacturing and marketing the product in question and any available records in respect thereto are located in Fort Smith, Arkansas, the Western District of Arkansas is the geographic location with the easiest access to sources of proof.

### C.    All of the trial considerations disfavor Pennsylvania.

When the conveniences to the witnesses, situs of proof, and all of the logistical considerations pertaining to those factors are considered, the Western District of Arkansas is clearly the most efficient and economical place to bring the present action.  Second behind Arkansas is the Northern District of Alabama, where the headquarters of both Defendants are located.  The location of counsel is not a factor to consider when deciding whether to transfer venue pursuant to section 1404(a).  *L.C. Baron, Inc. v. H.G. Caspari, Inc.*, 678 F. Supp. 100, 103 (E.D. Pa. 1987).

### D.    The public interest considerations do not support Pennsylvania

The final factor to consider involves the public interest, including the relationship of the community in which the court sits the and the jurors who are required to serve, to the occurrences that give rise to the litigation. In this regard, it is very relevant that this case is one in which none of the Defendants and none of the witnesses with any factual knowledge of the markings on the lures reside in Pennsylvania or in this district. In fact, the only connection this case has with the Western District of Pennsylvania is the fact that the newly formed Relator is located in Pittsburgh as is its counsel. Arkansas' local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in

or near that district and who presumably conduct business in that community. *Hoffman-LaRoche*. To leave this case in the court in Pennsylvania would ignore Arkansas' and Alabama's interest in adjudicating a dispute involving their citizens, would ignore the unfairness of burdening citizens in an essentially unrelated forum with jury duty, and would ignore the fact that a forum exists where the action could have been more conveniently brought. Indeed the Federal Circuit court has stressed this same point. *See TS Tech*, 551 F.3d at 1321. If the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff "have no more or less of a meaningful connection to the case than any other venue." *Id.* While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, *TS Tech*, 551 F.3d at 1321, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor. *Genentech*, 566 F.3d at 1347; *Volkswagen*, 545 F.3d at 317-18. The Western District of Arkansas' interest in this matter is self-evident. Meanwhile, it is readily apparent that this case has no relevant factual connection to the Western District of Pennsylvania. *See In re Hoffmann-La Roche Inc.* 587 F3d 1333 (CAFC 2009)

There can be no dispute that FLFMC, LLC could have properly brought this federal question jurisdiction action in the Western District of Arkansas, pursuant to 28 U.S.C. § 1391. Under Section 1391, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State" or "a district in which a substantial part of the events ... giving rise to the claim occurred." PRADCO's principal place of manufacturing fishing lures is located in Fort Smith, Arkansas, within the confines of the Western District of Arkansas. FLFMC, LLC's claim arises under federal law. Thus, FLFMC, LLC cannot dispute that its original claim could have been brought in the Western District of Arkansas.

### E.      Arkansas is the Proper forum for This Action

This case belongs in Arkansas.  FLFMC, LLC filed the declaratory judgment action in this Court solely as a measure of forum shopping to evade PRADCO's obvious choice of forum. Moreover, Fort Smith, Arkansas is a more convenient forum for any potential third party witnesses, is the geographic location with the most relative ease to access of sources of proof, is the geographic location with best availability of process to compel attendance of any unwilling witnesses, is the location which provides the lowest cost of obtaining willing witnesses, and has the fewest practical problems associated with trying the case most expeditiously and inexpensively.  Moreover, trying the case in Fort Smith, Arkansas is in the interest of justice.

As a result, this action should be transferred to the United States District Court for the Western District of Arkansas, Fort Smith Division pursuant to 28 U.S.C. § 1404.

Wherefore it is respectfully requested that the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) or 12(b)(4), or in the alternative that venue be transferred to the United States District Court for the  Western District of Arkansas.

Dated: March 31, 2010                                    Respectfully Submitted,


                                                         /s/  David J. Singley
                                                         David J. Singley, Esquire
                                                         DINSMORE & SHOHL, LLP
                                                         Pa. I. D. No. 50349
                                                         david.singley@dinslaw.com
                                                         One Oxford Centre
                                                         301 Grant Street, 28th Floor
                                                         412-281-5000
                                                         Attorneys for Defendants EBSCO
                                                         Industries, Inc. and Plastics Research
                                                         and Development Corp.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing was electronically filed with the Clerk of

the United States District Court for the Western District of Pennsylvania via the CM/ECF

filing/service system, and served on all counsel of record via the CM/ECF filing/service system.

Dated: March 31, 2010                          /s/  David J. Singley
                                               David J. Singley, Esquire

54679_1.DOC

- 20 -