IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA ex rel.,

and

FLFMC, LLC.,                              Civil Action No.: 10-00231-RCM

       Plaintiffs,

  v.

EBSCO INDUSTRIES, INC.,

and

PLASTICS RESEARCH AND
DEVELOPMENT CORP.,

       Defendants.

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A CHANGE OF VENUE**

    Defendants EBSCO Industries, Inc. ("EBSCO") and Plastics Research and Development Corporation ("PRADCO") (collectively, "Defendants") respectfully submit this Reply to Plaintiff FLFMC, LLC's ("FLFMC") Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative for a Change of Venue (Docket No. 19, "Response"). Defendants will confine this Reply to addressing four specific points from FLFMC's Response: 1) that PRADCO has been registered to do business in Pennsylvania since 1946; 2) that Defendants' Internet contacts with Pennsylvania through the www.lurenet.com website are sufficient to confer jurisdiction over Defendants in Pennsylvania; 3) that FLFMC's service was proper under Pa.R.C.P. 403; and 4) that the Third Circuit's presumption that party witnesses will appear means that any analysis of the convenience of witnesses in deciding a motion to transfer under

28 U.S.C. § 1404(a) must be confined to non-party witnesses who may be unavailable for trial. For the reasons that follow, FLFMC's arguments as to these points lack merit.

**I.      PRADCO has not been registered to do business in Pennsylvania since 1946.**

PRADCO is not a foreign corporation registered to do business in the Commonwealth of Pennsylvania. While FLFMC claims that PRADCO has an "active registration with the Commonwealth," (Response at 3-4), the documents submitted by FLFMC as part of its Exhibit B (Docket No. 19-2) in support of this claim pertain not to PRADCO but to an unrelated entity. The documents submitted by FLFMC as part of its Exhibit B pertain to an entity incorporated in Pennsylvania in 1946; PRADCO was not incorporated until 1960, in Arkansas. A certified copy of the corporate records for PRADCO from the Arkansas Secretary of State, illustrating this point, is attached Exhibit A. Thus FLFMC's contention that PRADCO assented to jurisdiction in Pennsylvania is based on an act that took place 14 years before PRADCO existed. Accordingly, FLFMC's argument that PRADCO should be haled into court in Pennsylvania as a foreign corporation registered to do business fails.[1]

**II.     Defendants' operation of the www.lurenet.com website does not confer personal jurisdiction over Defendants in Pennsylvania.**

Neither PRADCO's sales of fishing lures through the www.lurenet.com website, nor EBSCO's administrative responsibilities in maintaining the server and the copyright for the

---

1   FLFMC's other arguments as to PRADCO's contacts with Pennsylvania are similarly unpersuasive. PRADCO does not deny that it has made sales to residents of Pennsylvania. (Response at 6). However, as stated in the answers relied on by FLFMC in its Exhibit C (Docket No. 19-3), PRADCO's sales in Pennsylvania have traditionally been about 5% of PRADCO's national sales. This is wholly unsurprising, given that PRADCO sells its products nationally, and Pennsylvania ranks sixth nationally in population with slightly over 4% of the nation's population. Furthermore, as noted in FLFMC's Exhibit C, PRADCO's sales in Pennsylvania of the allegedly falsely marked fishing lure that is the subject of this litigation average about one third of one percent of PRADCO's total sales.

www.lurenet.com website, confer jurisdiction over PRADCO or EBSCO in Pennsylvania. While FLFMC argues to the contrary, claiming that such Internet contacts are sufficient for this Court to assert jurisdiction over Defendants (Response at 6-7), FLFMC cites no legal authority in support of this position. Nor can it. It is well established that the mere operation of a commercially interactive website that can be accessed by forum residents is not sufficient, by itself, to confer either general or specific personal jurisdiction over the operator in the forum. *E.g.*, *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world."); *Hershey Co. v. Pagosa Candy Co.*, No. 1:07-CV-1363, 2008 WL 1730538, at *7 (M.D. Pa. Apr. 10, 2008) ("While a web site may be viewed in a particular forum, that fact alone does not establish personal jurisdiction in that forum."); *Kennedy Indus., Inc. v. Aparo*, No. Civ.A. 04-5967, 2006 WL 560147, at *3 (E.D. Pa. Mar. 6, 2006) ("It is well established that mere operation of a commercially interactive web site is not by itself a sufficient basis for jurisdiction anywhere the site can be viewed."); *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp.2d 537, 539 (E.D. Pa. 1999) ("[A] mere presence on the World Wide Web does not establish the minimum contacts necessary to subject a corporation to personal jurisdiction on a worldwide basis."). Rather, the website operator must do "something more" beyond mere operation of the website to purposely avail itself of conducting activity in the forum. *E.g.*, *Toys "R" Us, Inc.*, 318 F.3d at 454 ("[T]here must be evidence that the defendant 'purposely availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts."); *Hershey Co.*, 2008 WL 1730538, at * 7 (same); *Kennedy Indus., Inc.*, 2006 WL 560147, at *3 (same); *S. Morantz, Inc.*, 79 F. Supp.2d at

3

541 (same). Entering into contracts with over 3,000 individuals and seven Internet access providers in Pennsylvania will suffice as such purposeful availment. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126 (W.D. Pa. 1997). Including Pennsylvania as one in a list of general shipping destinations will not. *Hershey Co.*, 2008 WL 1730538, at *7 ("The fact that the Pagosa web site lists Pennsylvania as one in a list of general shipping destinations, standing alone, does not demonstrate the purposeful availment of doing business in Pennsylvania."). Nor will including an email link or a form for placing orders on a website. *S. Morantz, Inc.*, 79 F. Supp.2d at 541. Nor will allowing customers to purchase products via the website. As the district court for the Eastern District of Pennsylvania has stated:

> [T]he establishment of a website through which customers can order products does not, on its own, suffice to establish general jurisdiction. To hold that the possibility of ordering products from a website establishes general jurisdiction would effectively hold that any corporation with such a website is subject to general jurisdiction in every state. The court is not willing to take such a step.

*Molnlycke Health Care AB v. Dumex Med. Surgical Prods., Ltd.*, 64 F. Supp.2d 448, 451 (E.D. Pa. 1999). As that court concluded, to hold otherwise would "deal a serious blow to the concept of personal jurisdiction," because "[v]irtually every corporation, domestic and foreign, would be subject to the general personal jurisdiction of every state." *Id*. at 455.

In this case, FLFMC alleges that this Court has general and/or specific jurisdiction over PRADCO based on the fact that "through its website at lurenet.com, individuals residing within Pennsylvania can order and have PRADCO and EBSCO products, including the Jitterbug®, delivered directly to their homes in the Commonwealth." (Response at 6). But under *Hershey*, *S. Morantz*, and *Molnlycke*, the fact that individuals residing in Pennsylvania can order PRADCO products through the www.lurenet.com website is plainly insufficient, by itself, to confer personal jurisdiction over PRADCO in Pennsylvania. FLFMC's allegations against

4

EBSCO based on the www.lurenet.com website are even more attenuated. Specifically, FLFMC alleges that this Court has general and/or specific jurisdiction over EBSCO based on the fact that "it maintains the server and holds the copyright" for the www.lurenet.com website. (Response at 6). Obviously, if PRADCO's direct operation of the www.lurenet.com website is insufficient to establish personal jurisdiction over it in Pennsylvania, for the reasons noted above, then EBSCO's less direct connections to the website – maintaining the server and holding the copyright – are likewise insufficient. To hold otherwise would "deal a serious blow to the concept of personal jurisdiction," because "[v]irtually every corporation, domestic and foreign, would be subject to the general personal jurisdiction of every state."

### III.    FLFCM's service was not proper under Pa.R.C.P. § 403.

With respect to the propriety of its service of Defendants, FLFMC argues that because both Defendants are foreign corporations, FLFMC was permitted to serve them by mail. (Response at 7). This is true but irrelevant. Defendants' contention regarding the defects of FLFMC's service is not that service by mail was improper, but rather that FLFMC did not comply with Pa.R.C.P. 403's requirements as to *who* must be served when service is effected by mail. Specifically, the note to Pa.R.C.P. 403 explicitly states:

> The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery.

Pa.R.C.P. 403. FLFMC ignores or glosses over the fact that its attempted service by mail was not addressed to or accepted by an authorized agent of Defendants. It is insufficient under Pa.R.C.P. 403 to merely present the summons and complaint by mail. FLFMC simply ignored the rule and attempted service by certified mail directed to a Dear Sir or Madam, rather than by service on an authorized agent of Defendants.

5

**IV.     Contrary to FLFMC's argument, the convenience of party witnesses is not irrelevant to deciding a motion to transfer under 28 U.S.C. § 1404(a).**

While FLFMC discusses multiple factors in the section of its Response addressing whether transfer is appropriate in this case under 28 U.S.C. § 1404(a), only one merits further discussion in this Reply: the convenience of witnesses. Defendants' position on this point is clear: because the majority of witnesses in this case will be located in those areas surrounding Fort Smith, Arkansas, transfer of the case to the Western District of Arkansas is appropriate in the interest of convenience to such witnesses. (Defendants' Memorandum of Law in Support of their Motion to Dismiss, Docket No. 10, at 15). In its Response, FLFMC attempts to counter this point by arguing that because the Third Circuit will presume that a party's witnesses will appear in a case, the "convenience of the witnesses" factor is irrelevant as to the Fort Smith witnesses, and is instead relevant only as to *non-*party witnesses, and only to the extent that those *non*-party witnesses may be unavailable for trial. (Response at 15). FLFMC relies on *Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir. 1995) in support of this proposition.

There are two problems with FLFMC's reliance on *Jumara* in support of its assertion that the "convenience of the witnesses" factor is only relevant as to non-party witnesses who may be unavailable for trial. The first problem is that *Jumara's* statement on this point was dictum. *Jumara* was an underinsured motorist case in which the Third Circuit decided the transfer question based primarily on the forum-selection clause at issue. *Jumara*, 55 F.3d at 880. Thus, because the Third Circuit did not discuss the existence of the defendant's employee-witnesses in *Jumara*, "it follows that the *Jumara* court's enunciation of this point was dictum." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp.2d 934, 939 (E.D. Mich. 2001). The second problem is that *Jumara's* statement on this point relied on authority that did not stand for the cited proposition. Specifically, *Jumara* cited 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD

H. COOPER, FED. PRAC. & PROC. JURIS. § 3851 (2d ed. 1986) for the proposition that the "convenience of the witnesses" factor is only relevant to the extent that non-party witnesses may be unavailable for trial. But, as noted by the district court for the Eastern District of Michigan, the relevant section from the second edition of WRIGHT & MILLER actually promulgated a much different principle:

> The Court nonetheless examines the fountainhead of Plaintiff's assertion that the convenience of witnesses who work for a defendant corporation is irrelevant to the balance-of-convenience analysis. That source is, as stated above, 15 Wright, Miller, & Cooper § 3851, which enunciates the proposition that "transfer *may be* denied when the witnesses . . . are employees of a party and their presence can be obtained by that party." *Id*. at 420-23 (emphasis added).
>
> Thus, after tracing Plaintiff's assertion, "that witnesses who are employed by Defendant *carry no weight* in the 'balance of convenience'" to its purported roots, the Court discovers a text stating a very different principle: that "transfer *may be* denied when the witnesses . . . are employees of a party and their presence can be obtained by that party" (emphasis added). Plaintiff's unconditional allegation that the convenience of witnesses employed by a defendant corporation is irrelevant, therefore, ultimately is without foundation.

*Thomas*, 131 F. Supp.2d at 939 (emphasis in original). The third edition of WRIGHT & MILLER is similarly nuanced:

> [C]ourts *weigh more heavily* the residence of important nonparty witnesses, who may be within the subpoena power of one district but not the other. . . . Conversely, the convenience of witnesses who are employees of a party is *given less weight* by the court because that party can obtain their presence at trial.

15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRAC. & PROC. JURIS. § 3851 (3d ed.) (emphasis added). Obviously, to claim that the convenience of party witnesses should be given "less weight" is different than claiming that it is altogether irrelevant. FLFMC's claim that the convenience of party witnesses is irrelevant to the 1404(a) calculus is incorrect.[2]

---

[2] The claim is also inconsistent with FLFMC's extensive reliance on *FLFMC, LLC ex rel. v. Ace Hardware Corp.*, 10-cv-0229 (W.D. Pa. May 7, 2010) (Response Ex. A, Docket No. 19-1). (Response at 2, 3, 9, 10, 11, 12, 15, 18). The Court in that case made a point to highlight, as part

Based on the foregoing, the above four arguments from FLFMC's Response lack merit, and Defendants' Motion to Dismiss or in the Alternative for a Change of Venue should be granted.

Respectfully submitted this 18th day of June, 2010.

By: /s/ David J. Singley
David J. Singley, Esq.
DINSMORE & SHOHL LLP
PA 50349
david.singley@dinslaw.com
One Oxford Centre
301 Grant Street, Suite 2800
Pittsburgh, PA 15219
Telephone: 412-288-5868
Fax: 412-281-5055

ATTORNEYS FOR DEFENDANTS

---

of its reasoning in *support* of its denial of a motion to transfer, that the inconvenience complained of was for *non-parties*, not parties.  (Response Ex. A, at 3) ("The primary inconvenience of which Ace complains concerns the perceived inconvenience to a *non-party*, Newell Rubbermaid, Inc., the entity that, according to Ace, actually 'marks' the accused products with the expired patent number.") (emphasis in original).

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2010, I electronically filed the foregoing Reply to Plaintiff FLFMC, LLC's ("FLFMC") Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative for a Change of Venue with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

    David G. Oberdick, Esq.

This 18th day of June, 2010.

            /s/ David J. Singley
            David J. Singley, Esq.
            DINSMORE & SHOHL LLP
            PA 50349
            david.singley@dinslaw.com
            One Oxford Centre
            301 Grant Street, Suite 2800
            Pittsburgh, PA 15219
            Telephone: 412-288-5868
            Fax: 412-281-5055

            ATTORNEYS FOR DEFENDANTS