**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC. | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-cv-00231 |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| EBSCO INDUSTRIES, INC., | ) ) | **Filed Electronically** |
| and | ) ) | |
| PLASTICS RESEARCH AND DEVELOPMENT CORP., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

Plaintiffs, by and through their undersigned counsel, respectfully submit this Memorandum in Opposition to the Motion to Dismiss, or in the Alternative, to Stay Proceedings filed by EBSCO Industries, Inc. and Plastics Research and Development Corp., ("Defendants")

**I.      INTRODUCTION**

This is a cause of action for Defendants' false marking of their Jitterbug fishing lures as patented in violation of 35 U.S.C. § 292, a *qui tam* statute.  This matter is now before the Court on Defendants' Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1)  - or, in the alternative to Stay Proceedings.  In support of their Motion, Defendants principally argue that Plaintiff FLFMC, LLC ("FLFMC") lacks Article III standing because it has not pled an injury in fact to the United States.  However, in United States ex rel. FLFMC, LLC v. Ace Hardware Corporation, this Court denied a

similar motion to dismiss. 2010 U.S. Dist. LEXIS 45453 (W.D. Pa. May 7, 2010). For the reasons that follow below, Defendants' arguments in support of their Motion are unsupported by the facts or the law, and the Motion must be denied.

The portions of 35 U.S.C. § 292 which are alleged to have been violated in this case are plainly intended to protect against injury to the United States and its public. Moreover, an alleged violation of the false marking statute itself constitutes a sufficient injury to the United States to provide standing for FLFMC. Plaintiffs have alleged that Defendants violated 35 U.S.C. § 292 by marking and/or advertising their fishing lures with an expired patent with the intent to deceive the public. Complaint, ¶¶ 21-25. Such injury having been pled, FLFMC now invokes the standing of the United States as the assignee of its claims against Defendants. Moreover, this Court in <u>FLFMC, LLC v. Ace</u> denied a motion to dismiss which raised the same standing argument, signaling that Plaintiff FLFMC has standing to pursue this claim through discovery, and the Court's willingness to hear the controversy. 2010 U.S. Dist. LEXIS 45453, at *8.

## II.    ARGUMENT

### 1.    Defendants' Motion To Dismiss Is Untimely

Pursuant to the parties' mutually agreed Stipulation (Dkt. 7), Defendants agreed to answer or otherwise plead to Plaintiffs' Complaint by March 31, 2010. Accordingly,

Defendants filed a Motion to Dismiss, or in the Alternative, to Change Venue[1] on that date. (Dkt. 9). That motion, however, neither included the defense of lack of Article III standing, nor the request for a stay. This current Motion is nothing more than an attempt to further delay these proceedings by requiring Plaintiffs to engage in more motions practice despite Defendants' failure to raise such issues before the stipulated deadline. Thus, Defendants' Motion is not timely and should not be considered by the Court. Assuming, *arguendo*, that the Motion is timely, it should be denied because these issues have been decided by this Court in <u>FLFMC, LLC v. Ace</u>, and relevant law demonstrates that Plaintiff FLFMC has standing to pursue this *qui tam* action, and an indefinite stay is against Third Circuit policy.

### 2.    **Plaintiff FLFMC Satisfies All Requirements For Article III Standing**

#### a.    <u>**It is well-settled that qui tam plaintiffs have Article III standing**</u>

In <u>Vermont Agency of Natural Resources v. United States ex rel. Stevens</u>, 529 U.S. 765 (2000), the Court made clear that Plaintiff FLFMC has standing to pursue this action. After properly identifying § 292 as a *qui tam* statute, <u>see</u> 529 U.S. at 769 n.1, the Court went on to address the standing requirements under such *qui tam* statutes. The Court concluded that the plaintiff relator need not demonstrate a direct injury to himself to proceed with a *qui tam* action. Instead, the United States' injury suffices to confer standing. <u>Id</u>. at 772-778.

---

[1] In Defendants' Reply to Plaintiffs' Memorandum In Opposition to Defendants' Motion to Dismiss/Transfer, Doc. 22, 7-8, fn. 1, Defendants argue that Plaintiffs' position that the convenience of party witnesses is irrelevant is inconsistent with Judge Schwab's discussion regarding a similar motion to transfer in <u>FLFMC, LLC v. Ace Hardware Corp.</u> To the contrary, in that case, Ace  presented as much, if not more facts and argument regarding the alleged inconvenience proceeding in this district would cause to its party witnesses.  See, Ace's Memorandum In Support of its Motion to Transfer Pursuant to 28 U.S.C. § 1404 attached hereto as Exhibit "A." (arguing, inter alia, "the only party to whom convenience is even an issue is defendant Ace - the only party likely to respond to discovery, produce documents, provide depositions, and the only party whose personnel will testify at trial."). (Ex. A. at 9). Because of the Third Circuit's presumption that party witnesses will appear, however, Judge Schwab properly confined the Court's analysis to the convenience of the non-party witnesses in that case.

Such injury may take the form of "the injury to [the United States'] sovereignty arising from violation of its laws and the proprietary injury resulting from the alleged fraud." Id. at 771. A *qui tam* statute effects a "partial assignment" from the government to the *qui tam* relator, which thereby confers standing upon the relator to file suit. Id. at 773.

Although the Court's holding was limited to *qui tam* relator plaintiffs under the Federal Claims Act, numerous courts have held that *qui tam* plaintiffs bringing a § 292 claim also have Article III standing. See, e.g., Forest Group v. Bon Tool Co., 590 F.3d 1295, 1303-04 (Fed. Cir. 2009) ("By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking); Juniper Networks v. Shipley, 2010 U.S. Dist. LEXIS 24889, *17 (N.D. Ca. 2010), quoting Vermont, at 773-74 (Analyzing a motion to dismiss in a false marking case and noting "in *qui tam* actions, the injury need not be suffered by the relator; injury in fact to the United States is sufficient."); Pequignot v. Solo Cup Co., 640 F. Supp. 2d 714, 717 (E.D. Va. 2009) ("First, at least facially, by allowing 'any person' to sue for false marking, § 292(b) confers standing on anyone to sue, regardless of whether he or she has been personally affected by the false marking...").

Moreover, there is a breadth of authority, pre-dating Vermont, holding that a *qui tam* § 292 plaintiff has Article III standing. See, e.g., Patents: False-Marking Litigation, 26 Fed. Proc. L. Ed. § 60:1239 ("Any person may sue for the penalty provided by the false-marking statute, and a party need not have suffered any special or private injury from the act alleged as constituting a violation of the act in order to sue to recover the penalty."); Am. Jur. 2d, Patents, § 1087 (same); Fear v. Horner Sales Corp., 10 F.R.D. 25, 27 (W.D. Pa. 1950) (plaintiff "brings [the false-marking action] as informer and need not show that he has been

injured by the acts of the defendant"); <u>Calderwood v. Mansfield</u>, 71 F. Supp. 480, 481 (D.C. Cal. 1947) ("[I]njury to private interest is not pertinent."); <u>Pentlarge v. Kirby</u>, 19 F. 501, 503 (D.C.N.Y. 1884) ("One half of any recovery in such suits may go to whomsoever it may please to sue, though the plaintiff have no special interest in the subject, and may not have sustained any actual injury. It is an action *qui tam* for the use of the informed and the government.").

The Supreme Court's decision in <u>Vermont Agency</u> and its progeny is dispositive. By its express terms, § 292 effects an assignment of the United States' claims to the *qui tam* plaintiff, and thus Plaintiffs must only demonstrate that the United States has suffered a constitutionally cognizable injury. As described below, Defendants' violation of § 292 plainly constitutes an injury in fact to the United States, and thus Plaintiff FLFMC has standing to pursue this action. Judge Schwab specifically recognized such standing in rejecting a nearly identical motion to dismiss in <u>FLFMC, LLC v. Ace</u>.

> **b.   Plaintiffs' allegations are sufficient to establish the United States'**
>        **injury in fact**

Defendants contend that without an allegation of injury in fact, Plaintiffs fail to establish an interest of the United States that is assignable to a *qui tam* plaintiff. To the contrary, however, "[t]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." <u>Warth v. Seldin</u>, 422 U.S. 490, 500 (1975); <u>Vermont Agency</u>, 529 U.S. at 773. In determining whether there is injury in fact, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presume[s] that general allegations embrace those specific facts that are necessary to support the claims.'" <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992) (citations omitted); See also <u>FLFMC v. Ace Hardware Corp.</u>, supra,

at *8 ("it would be premature to decide [defendant's] standing and other issues at this early stage of the proceedings, without allowing plaintiff an opportunity to develop the record through the discovery process.").

Notwithstanding the above, Defendants argue that under Stauffer v. Brooks Brothers, Inc., 615 F. Supp. 2d 248 (S.D.N.Y. 2009), a *qui tam* relator plaintiff must plead and establish an injury in fact to the United States in order to have standing. Defendants' reliance upon Stauffer is misplaced for the following reasons. First, the Stauffer decision is not controlling in this District and this Court (Judge Schwab) previously declined to adopt its rationale in FLFMC, LLC v. Ace. Additionally, insisting that a *qui tam* relator plaintiff under Section 292 must establish injury in fact to the United States – beyond the clearly recognized injury in fact resulting from Defendants' violation of the statute – is contrary to the Federal Circuit's interpretation of the statute. See Bon Tool Co., 590 F.3d at 1302-1303 (identifying false markings causing injury by, *inter alia*, deterring innovation and stifling competition; dissuading potential competitors from entering the market; deterring scientific research; and causing unnecessary investment in design around and costs incurred in analyzing the validity or enforceability of a patent stating, "these injuries occur *each time an article is falsely marked*." (emphasis added.)). Notably, none of the aforementioned injuries is couched in terms of an injury to the United States. Rather, they are injuries suffered by the public at the hands of one who falsely cloaks himself in the government-sanctioned monopoly of a patent. Moreover, Stauffer was decided before the Federal Circuit's decision in Bon Tool which expounded upon Congress' intent in enacting § 292. Thus, insofar as the Federal Circuit has interpreted Congress' intent in enacting the statute to prevent injuries to the public, and the statute permits "any person" to bring such an action, arguably, a violation of the statute itself is the only injury a *qui tam* relator plaintiff need allege.

Finally, the <u>Stauffer</u> rationale should not be applied in this case because, as noted by Defendants, the <u>Stauffer</u> decision is pending appeal before the Federal Circuit, and does not serve as binding precedent.  Indeed, as a result of the District Court's holding in <u>Stauffer</u>, the United States attempted to intervene to, "defend the statute and the government's interest in seeing [Section 292] enforced." <u>Stauffer v. Brooks Brothers, Inc.</u>, 2009 U.S. Dist. LEXIS 51166 at *2 (S.D.N.Y. June 15, 2009); <u>See also</u> <u>Harrington v. CIBA Vision Corp.</u>, 2009 U.S. Dist. LEXIS 58005 (W.D.N.C. June 17, 2009) (United States listed as intervener), <u>Pequignot v. Solo Cup Co.</u>, 640 F. Supp. 2d 714 (United States intervened to defend constitutionality of § 292). Moreover, it is noteworthy that in the thirteen (13) months since the <u>Stauffer</u> decision was issued, no other court has adopted the Southern District of New York's reasoning, despite a significant increase in the number of false marking suits filed.  <u>Compare</u> Donald W. Rupert, <u>Trolling for Dollars: A New Threat to Patent Owners</u>, 21 No. 3 Intell. Prop. & Tech. L.J. 1 (2009) (five false marking cases filed between 1997 and 2009) <u>with</u> Scott A. Herbst and David Albagli, <u>Strategies for Litigating False Marking Cases</u>, Daily Journal (Mar. 30, 2010), <u>available at</u>   <u>http://www.finnegan.com/resources/articles/articlesdetail.aspx?news=6b189476-abfe-4316-8b23-cd6737cb9afb</u> (more than 100 false marking suits filed since the decision in <u>Bon Tool</u>).

As the Court in <u>Vermont Agency</u> observed, the injury to the United States' sovereignty arising from the violation of its laws unquestionably gives rise to an Article III injury to the Government. 529 U.S. at 771.  Plaintiffs allege that Defendants manufacture and/or produce Jitterbug fishing lures.  Complaint ¶ 17.  Plaintiffs allege that Defendants mark said fishing lures with patent numbers 2, 207, 425  and 2,429,339 ("the '425 and '339 patents"), or with numbers 2,261,667 and 2,261,867 ("the '667 and '867 patents").  Complaint ¶¶ 18-19.  Plaintiffs allege that the '425 patent expired on December 17, 1957, the '339 patent expired on November 7,

1965, the '667 patent expired on December 28, 1959 and the '867 patent expired on September 24, 1960. Complaint ¶¶ 10, 12, 14, 16. Plaintiffs further allege that Defendants have continued to mark the Jitterbug fishing lure after expiration of the aforementioned patents, Complaint ¶¶ 21-24, and that Defendants did so to deceive the public. Complaint ¶ 25.

Presuming Plaintiffs' pleadings are true, as this Court is required to do, and recognizing violations of the laws of the United States, themselves, as being an injury to the United States, Plaintiffs have sufficiently alleged that the United States has suffered injury in fact for purposes of Article III standing. Such injury having been pled, Plaintiff FLFMC now invokes the standing of the United States as the assignee of its claims against Defendants. Such assignment is evident from the plain language of Section 292(b) which provides, "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

Therefore, under the Supreme Court's decision in Vermont Agency and its progeny, an alleged violation by Defendants of Section 292 is sufficient to establish an injury in fact for Article III standing. Accordingly, Defendants' Motion to Dismiss on the grounds that Plaintiff lacks standing should be denied.

### 3.    The Court Should Not Stay The Proceedings

Finally, Defendants ask that this Court grant a stay pending the outcome of Stauffer, currently pending in the Federal Circuit. Two strong factors warrant denying a motion to stay: significant delay and unlikelihood of success.

Staying a case is an extraordinary measure. Dawson v. Dodd, 1999 U.S. Dist. LEXIS 9181, at *4 (E.D. Pa. June 17, 1999) (citing United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). In determining whether to grant a motion to stay, courts should consider:

(1) the length of the requested stay; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy. See Landis v. North American Co., 299 U.S. 248, 254-255 (1936); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004) (citing Landis, 299 U.S. at 254-55). **Stays of indefinite duration are especially discouraged** and, because they put the parties "effectively out of court," Moses H. Cone Mem'l Hosp., 460 U.S. at 1, any order granting such a stay is appealable. See Dover v. Diguglielmo, 181 F. App'x 234, 237 (3d Cir. 2006) (noting that a stay of indefinite duration "can itself constitute an abuse of discretion"); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135 (3d Cir. 2004); Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that Landis approved stays of moderate length, and not those of indefinite duration . . . ."); Gold et al. v. Johns-Manville Sales Corp. et al., 723 F.2d 1068, 1075 (3d Cir. 1983) (declining petitioners' request for a stay of indefinite duration).

Structural Group, Inc. v. Liberty Mut. Ins. Co., 2008 U.S. Dist. LEXIS 82266, *13-14 (M.D. Pa. October 16, 2008) (emphasis added).  In this case, Defendants cannot provide the Court with a definite duration of the requested stay.  Further, given the Constitutional issues involved in Stauffer, the defeated party is likely to seek *certiorari*, further delaying proceedings here.  As outlined above, stays of indefinite duration are especially discouraged.

Another consideration is the remote possibility that the Federal Circuit will affirm the District Court's ruling in Stauffer.  Considering the Federal Circuit's rulings in Clontech Labs., Inc., v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (holding the fact of misrepresentation coupled with proof of knowledge of its falsity is sufficient to warrant drawing the inference that there was fraudulent intent), and Pequignot v. Solo Cup Co., 2010 U.S. App. LEXIS 11820, *15 (Fed. Cir. June 10, 2010) (holding, "articles marked with expired patent numbers are falsely marked"), it is unlikely that the Federal Circuit will reverse its established track and find that false marking plaintiffs do not have standing.  Additionally, assuming, as

above, that the losing party in <u>Stauffer</u> will petition for *certiorari*, it is almost beyond the realm of possibility that the Supreme Court will entertain argument for an issue it decided in <u>Vermont Agency</u>. Because of these considerations, the Court should deny Defendants' Motion to Stay.

Moreover, on a motion to stay, the burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward... ." <u>Haas v. Burlington County</u>, 2009 U.S. Dist. LEXIS 110173, at *2 (D.N.J. Nov. 24, 2009) (quoting <u>Landis</u>, 299 U.S. at 255). The moving party "must state a clear countervailing interest to abridge a party's right to litigate." <u>CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.</u>, 381 F.3d 131, 139 (3d Cir. 2004). Defendants allege generically that they will suffer harm in the form of expended resources litigating this case if a stay is not granted. Defendants' Memorandum at 9. Having to litigate a case, however, is not a harm. Our adversarial system requires plaintiffs and defendants alike to expend resources in the prosecution or defense of their respective claims. Moreover, the delay – especially during the early pleading stage - would be prejudicial to the Plaintiff. <u>See</u> <u>Wallace v. Powell</u>, 2010 U.S. Dist. LEXIS 2454, at *22 (M.D. Pa. January 12, 2010) (denying motion to stay and emphasizing "any delay in the pleadings stage of this litigation could further delay the overall litigation to the detriment of the Plaintiffs."). Indeed, by way of comparison, Judge Schwab, in denying a similar Motion to Dismiss the <u>Ace</u> case in this District, found it beneficial for standing and other issues to be developed through pleadings and discovery. Accordingly, this Court should deny Defendants' Motion.

Finally, notwithstanding the foregoing, to the extent this Court considers <u>San Francisco Technology, Inc. v. Adobe Systems Inc.</u>, which is non-binding on this Court, Plaintiffs refer the Court to <u>Hy Cite Corp. v. Regal Ware, Inc.</u> as the more appropriate method by which to analyze the current Motion. 2010 U.S. Dist. LEXIS 49243, *4 - *5 (W.D. Wis. May 1, 2010)

(characterizing defendant's projection that the Federal Circuit will likely issue a decision in Stauffer before the end of 2010 as a "vague prediction" and stating such prediction is "far from a comforting projection for plaintiff; nor is it sufficient for this court. Instead, it creates an indefinite time period for the stay," and noting that Stauffer "may be appealed beyond the Federal Circuit to the Supreme Court, leaving a final decision on the constitutional issue in *Stauffer* years in the future."). Accordingly, this Court should deny Defendant's Motion.

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Defendants' motion be denied in its entirety.

.

Respectfully submitted,

*s/David G. Oberdick*
David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email:  dgo@muslaw.com

Tony J. Thompson, Esquire
Pa. I.D. No. 204609
Email:  tjt@muslaw.com

Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA  15222
(412) 456-2800

**Attorneys for Plaintiffs**

Dated:  July 1, 2010